IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Khammesherma Smith, ) | C/A No. 6:22-cv-02667-HMH-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| M. Logan, Catherine Amason, Felecia ) | |
| McKie, Unknown Officers/Clerks DOC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on August 12, 2022 (doc. 1). On September 20, 2022, the undersigned issued an order informing the plaintiff that his complaint was subject to dismissal as drafted and providing him with time to file an amended complaint to correct the deficiencies noted in the order (doc. 14). The plaintiff was informed that if he failed to file an amended complaint or cure the deficiencies outlined in the order, the undersigned would recommend that his claims be dismissed (*id*. at 7–8). The plaintiff filed a reply to the order indicating that he wished to stand on his complaint because it did state a claim for relief (doc. 16), and did not submit an amended complaint. Accordingly, the undersigned recommends that the instant matter be dismissed.

## **ALLEGATIONS**

The plaintiff, a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and located at Kershaw Correctional Institution ("Kershaw"), brings

this action seeking damages from the defendants (doc. 1). The plaintiff alleges violations of his Fourteenth Amendment Rights as well as his rights under the Inmate Rights Act (*id*. at 4). The plaintiff alleges that since July 2021, the defendants have not mailed out his legal documents (*id*. at 4, 5). The plaintiff also alleges that the defendants have tampered with his legal mail and have withheld his mail and kiosk/grievance responses (*id*. at 5–6). For injuries, the plaintiff alleges stress which has caused insomnia and outbursts as well as that no medical provider has come to see him about his "behavior" (*id*. at 6). For relief, the plaintiff seeks money damages (*id*.).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, when the case was filed, the plaintiff was a prisoner under the definition of 28 U.S.C. § 1915A(c), and sought "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## **DISCUSSION**

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages from the defendants. However, the plaintiff's complaint is subject to summary dismissal.

As an initial matter, the "unknown officers/clerks" named as defendants in this action are subject to summary dismissal. Rule 8 of the Federal Rules of Civil Procedure requires a pleading against a party to state a claim for relief. A plaintiff must do more than make generalized and conclusory statements to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that § 1983 liability requires personal involvement). The plaintiff has not made personal allegations against these unnamed defendants. As such, they are subject to summary dismissal.

**Grievance Response Claims**

To the extent the plaintiff seeks damages based upon alleged delayed or destroyed responses to kiosk and grievance complaints, his claims are subject to summary dismissal. It is well-settled that an inmate's access to and participation in a prison's grievance process are not constitutionally protected. *See Taylor v. Lang*, 483 F. App'x 855,

3

858 (4th Cir. 2012); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). As such, the plaintiff's claims regarding delayed or destroyed responses to his kiosk complaints and grievances are subject to summary dismissal.

**Interference with Mail Claims**

The plaintiff alleges that his Constitutional and inmate rights have been violated because his mail has been tampered with and his legal materials have not been mailed (doc. 1 at 5–6). The plaintiff alleges that the interference with his mail has caused his stress disorder to worsen (*id*. at 6). Inmates enjoy a First Amendment right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). As such, interference with an inmate's mail may state a cognizable claim under § 1983. *Id*.; *see Corey v. Reich*, C/A No. 0:02-2801-12, 2004 WL 3090234, at *10 (D.S.C. Mar. 9, 2004) (internal citation omitted). Nevertheless, the Supreme Court has recognized that prisoners only retain First Amendment rights not "inconsistent with [their] status as . . . prisoner[s] or with the legitimate penological objectives of the corrections system." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (internal citation omitted) (alteration in original).

Here, the plaintiff's claim fails because he has not alleged personal involvement by the defendants in tampering or not mailing out his legal materials (*see* doc. 1). Additionally, an occasional, negligent delay or interference with personal (or legal) mail, without more, does not impose a deprivation of Constitutional proportions. *See Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995); *Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003), *aff'd* 88 F. App'x 639 (4th Cir. 2004). Moreover, the plaintiff has failed to allege a constitutionally cognizable injury in asserting that the interference with his mail has worsened his stress disorder and caused emotional outbursts (doc. 1 at 6) because there is no federal constitutional right to be free from emotional distress, mental anguish, or psychological stress. *See Williams v. Pruitt*, C/A No. 8:13-cv-01812-JMC, 2013 WL 4500436, at *2 n.2 (D.S.C. Aug. 19, 2013) (citing *Grandstaff v. City of Borger, Tex.*, 767

4

F.2d 161 (5th Cir. 1985), *cert denied*, 480 U.S. 916 (1987); *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir. 1989)).

The plaintiff cannot save his interference with mail claim by alleging that the mail interference denied him access to the courts. A claim for denial of access to the courts must be pled with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Further, in order to state a constitutional claim for denial of access to the courts, a prisoner must show actual injury. *Id.; see Lewis v. Casey*, 518 U.S. 343, 349 (1996). The actual injury requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access to the court. *Lewis*, 518 U.S. at 352–53. Here, the plaintiff's conclusory allegation that his legal mail was delayed or destroyed, even liberally construed, fails to "demonstrate" actual injury or state a claim for relief. For example, the plaintiff's complaint contains no allegations to support that he had a non-frivolous claim that was dismissed because he failed to meet a deadline due to the delayed or destroyed mail. Moreover, the plaintiff's voluminous filings in this case – and twelve others filed in the three months – belie the plaintiff's claim that he lacks access to the court.[1]  *See Smith v. Nathaniel, et al*, C/A No. 6:22-cv-03177-RMG-KFM (D.S.C.) (pending); *Smith v. Dir. Brian*, C/A No. 6:22-cv-03176-HMH-KFM (D.S.C.) (pending); *Smith v. Dr. Allen, et al.*, C/A No. 6:22-cv-02935-HMH-KFM (D.S.C.) (pending); *Smith v. Police Officer Name Unknown One, et al.*, C/A No. 3:22-cv-02920-HMH-KFM (D.S.C.) (pending); *Smith v. Kirkland, et al.*, C/A No. 6:22-cv-02796-HMH-KFM (D.S.C.) (pending); *Smith v. Logan, et al.*, C/A No. 6:22-cv-02667-HMH-KFM (D.S.C.) (pending); *Smith v. Tobey, et al.*, C/A No. 6:22-cv-02666-HMH (D.S.C.) (summarily dismissed and designated a strike under 28 U.S.C. § 1915(g)); *Smith v. Simon, et al.*, C/A No. 6:22-cv-02592-HMH-KFM (D.S.C.)

---

[1] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

5

(pending); *Smith v. Palmer*, C/A No. 6:22-cv-02385-RMG-KFM (D.S.C.) (pending); *Smith v. Campbell, et al.*, C/A No. 6:22-cv-02384-HMH-KFM (D.S.C.) (pending); *Smith v. Dep't of Prob., Parole & Pardon Servs., et al.*, C/A No. 6:22-cv-002256-HMH-KFM (D.S.C.) (pending); *Smith v. Dalton, et al.*, C/A No. 6:22-cv-02207-RMG-KFM (D.S.C.) (pending); *Smith v. Cooke*, C/A No. 3:22-cv-02136-HMH (D.S.C.) (summarily dismissed and designated a strike under 28 U.S.C. § 1915(g)). As such, the plaintiff's claims regarding mail interference and denial of access to the courts are subject to summary dismissal.

**Deliberate Indifference to Medical Needs Claim**

Liberally construed, in passing, the plaintiff alleges medical indifference because no nurses have come to see him about his "behavior" (doc. 1 at 6). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The government is required to provide medical care for incarcerated individuals. *Id*. at 103. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In order to state a claim, a plaintiff must show a serious medical need as well as that the defendant "knowingly disregarded that need and the substantial risk it posed." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *King v. Rubenstein*, 825 F.3d 206, 218–20 (4th Cir. 2016); *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–11 (4th Cir. 2017)). A "serious medical need" is a condition "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Heyer*, 849 F.3d at 210 (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known

6

to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier*, 896 F.2d at 851–52 (citation omitted). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. Mere negligence or malpractice does not violate the Eighth Amendment. *Id*. Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985).

Here, the plaintiff has failed to state a claim for deliberate indifference to medical needs. First, his vague and conclusory allegations that no nurses have come to see him about his "behavior" fail to plausibly allege actions by the defendants in denying treatment required for a serious medical need. Additionally, the plaintiff has not alleged that he experienced severe symptoms that required medical treatment or that any of the defendants were informed regarding his need for medical care based upon his "behavior" (*see* doc. 1). As such, the plaintiff's medical indifference claim also fails to state a claim for relief.

## **RECOMMENDATION**

By order issued September 20, 2022, the undersigned provided the plaintiff an opportunity to correct the defects identified in his complaint and further warned the plaintiff that if he failed to timely file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed *with prejudice* and without leave for further amendment (doc. 14). The plaintiff failed to file an amended complaint – instead asserting that his original complaint did state a claim for relief (*see* doc. 16). Accordingly, in addition to the reasons discussed herein, this action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. Therefore, the undersigned recommends that the district court dismiss this action *with prejudice*, without further leave to amend, and without issuance and

service of process. *See Britt v. DeJoy*, C/A No. 20-1620 (4th Cir. Aug. 17, 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). It is further recommended that this action be designated as a "strike" pursuant to 28 U.S.C. § 1915(g). **The attention of the parties is directed to the important notice on the following page**.

       **IT IS SO RECOMMENDED**.

                                                    s/Kevin F. McDonald
                                                    United States Magistrate Judge

September 30, 2022
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).